UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GOMEZ,<br>        Petitioner,<br>   v.<br>SCOTT FRAUENHEIM,<br>        Respondent. | Case No. 18-cv-03021-EMC<br><br>**ORDER TO SHOW CAUSE** |

## I.    INTRODUCTION

Juan Gomez, an inmate at the Pleasant Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II.    BACKGROUND

The petition and attachments thereto provide the following information. Mr. Gomez was convicted in Santa Clara County Superior Court of one count of intercourse or sodomy with a child 10 years of age or younger, and three counts of oral copulation or sexual penetration with a child 10 years of age or younger. On April 1, 2016, he was sentenced to a total term of 70 years to life in prison.

Mr. Gomez appealed. His conviction was affirmed by the California Court of Appeal on August 31, 2017. His petition for review was denied on November 15, 2017. He then filed this action.

## III.    DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Arriaga alleges one claim in his petition for writ of habeas corpus: trial counsel provided ineffective assistance of counsel when she "misinform[ed] the jury that [Mr. Gomez] admitted three acts of oral copulation" and conceded his guilt on those charges. Docket No. 1 at 5. Liberally construed, the Sixth Amendment claim is cognizable in a federal habeas proceeding.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition states a cognizable claim for federal habeas relief and warrants a response.

2. The Clerk shall serve a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **September 14, 2018,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **October 12, 2018**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner must file a completed *in forma pauperis* application, or pay the $5.00 filing fee, no later than **August 17, 2018.** Failure to file the completed application or pay the fee by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: July 13, 2018

_____
EDWARD M. CHEN
United States District Judge