**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN GOMEZ,<br><br>    Petitioner-Appellant,<br><br> v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>    Respondent-Appellee. | No. 20-15088<br><br>D.C. No. 3:18-cv-03021-EMC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted March 9, 2022
San Francisco, California

Before: S.R. THOMAS, McKEOWN, and GOULD, Circuit Judges.

Juan Gomez seeks review of a district court judgment denying his petition for a writ of habeas corpus. We certified for appeal the question of whether Gomez's "trial counsel provided ineffective assistance by conceding guilt on all three counts of oral copulation with a child." We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's denial of a habeas petition, *see Lopez v.*

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc), including claims of ineffective assistance of counsel, *see Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007).  Where, as here, the district court was reviewing a state court ruling on the merits of a federal claim, we review the state court's ruling to determine whether it was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

In his appellate briefing, Gomez argues that the California Court of Appeal erred because it failed to apply the rule from *United States v. Cronic*, which holds that a "presumption of prejudice is appropriate without inquiry into the actual conduct of the trial" where there has been an effectively complete denial of counsel, such as when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing."  466 U.S. 648, 659–60 (1984).

Yet Gomez failed to properly raise his *Cronic* claim prior to his appellate briefing.  His federal habeas petition raised only a claim under *Strickland v. Washington*, 466 U.S. 668 (1984).  "It is a well-established principle that in most instances an appellant may not present arguments in the Court of Appeals that it did not properly raise in the court below." *Rothman v. Hosp. Serv. of S. Cal.*, 510 F.2d 956, 960 (9th Cir. 1975).  And while Gomez's state court briefing (which was included with his federal habeas petition) did cite *Cronic* once, this was a throwaway

citation to support a general point about the Sixth Amendment and not *Cronic*'s presumption of prejudice. *Cf. Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). The Supreme Court has made clear that the "difference" between "the rule of *Strickland* and that of *Cronic* … is not of degree but of kind," *Bell v. Cone*, 535 U.S. 685, 697 (2002), so raising *Strickland* is insufficient to properly raise *Cronic*.

Turning to Gomez's *Strickland* claim, we conclude that he cannot overcome the highly deferential standard of review. To prevail under *Strickland*, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness" (i.e., deficiency), 466 U.S. at 688, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (i.e., prejudice), *id.* at 694. Yet when we review a lower court holding that there was no ineffective assistance of counsel, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking when defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

The answer to this question is yes. The California Court of Appeal concluded that Gomez's appeal fails on the prejudice prong. It relied on a line of state cases suggesting that a defense attorney may concede her client's guilt on a lesser charge as a tactical strategy to avoid a guilty verdict for the greater charge. The district court held that such a conclusion was "not unreasonable." We agree. Federal precedent echoes the state cases cited by the Court of Appeal. *See United States v. Thomas*, 417 F.3d 1053, 1058–59 (9th Cir. 2005); *United States v. Bradford*, 528 F.2d 899, 900 (9th Cir. 1975). Even in *United States v. Swanson*, on which Gomez relies heavily, we "recognize[d] that in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges." 943 F.2d 1070, 1075–76 (9th Cir. 1991).

In light of our precedent, there is *a* "reasonable argument" that defense counsel's concessions were non-prejudicial and that counsel thus "satisfied *Strickland*'s deferential standard" on appeal. *Harrington*, 562 U.S. at 105. Therefore, Gomez's ineffective assistance of counsel argument fails.

**AFFIRMED.**